**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

| | |
|---|---|
| Norman Smith ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| vs. ) | |
| ) | |
| Acuity Insurance ) | Division: |
| Companies of America, ) | |
| Defendant ) | |
| ) | |
| Serve: ) | |
| Missouri Department of Insurance ) | |
| 581 W. High Street, ) | |
| Jefferson City, MO 65102 ) | |
| ) | |
| And ) | |
| ) | |
| State Farm Mutual Insurance ) | |
| Company, Defendant ) | |
| ) | |
| Serve: ) | |
| Missouri Department of Insurance ) | |
| 581 W. High Street, ) | |
| Jefferson City, MO 65102 ) | |

**Petition on Insurance Contracts**

   COMES NOW Plaintiff Norman Smith, by and through his attorney of record, and states as follows for his causes of action against Defendant Acuity Insurance.

   JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Norman Smith, who resides at 7070 Albemarle Ct., Barnhart, Jefferson County, in the Easter District of Missouri is an individual resident and citizen of the State of Missouri. Defendant Acuity Insurance Companies (hereinafter "Acuity") is a Wisconsin corporation and selling contracts of Insurance in the Eastern District of Missouri. Defendant State Farm Mutual Insurance (hereinafter "State Farm") is an Illinois corporation and selling contracts of Insurance in the Eastern District of Missouri.

2. Service can be obtained on Defendants by serving the Director, Department of Insurance, 301 West High Street, Room 530, Jefferson City, MO 65101 pursuant to the provisions of Chapter 375.261 et. seq. and/or 375.906 et. seq. RSMo.

3. Petitioner's Complaint is properly before this court as jurisdiction is conferred by pursuant to 28 USC 1332 due to the diversity between Complainant and Respondents, with claim in excess of statutory threshold.

.

FACTS

4. Prior to August 23, 2013 Defendant Acuity issued its contract of insurance, Policy Number X50223, to Supervan Service Co Inc. of St. Louis, Mo.. This policy provided Uninsured Motorist Bodily Injury Protection for Supervan's employee truck drivers as required by Section 379.903 RSMo. in the amount of $1,000,000 each person, $1,000,000 each accident. All premiums were paid, all conditions precedent were performed by insured Supervan and/or Plaintiff or were waived by Acuity and this policy was fully in force on August 23, 2013

5. Prior to August 23, 2013 Defendant State Farm issued its contract of insurance to Plaintiff. This policy provided Uninsured Motorist Bodily Injury Protection for Plaintiff as required by Section 379.903 RSMo. All premiums were paid, all conditions precedent were performed by Plaintiff or were waived by Acuity and this policy was fully in force on August 23, 2013

6. On or about August 23rd, 2013 Plaintiff Norman Smith was Norman Smith was operating an 18 wheeled tractor trailer unit in the course and scope of his employment with Supervan. Plaintiff was driving southbound on US Highway 65, in an area of unincorporated Pettis County, Missouri. At this time an unidentified motorist was also driving along US 65 in the opposite direction, Plaintiff Norman Smith was approaching the intersection of US 65 and Grand and Georgetown street (There is no stop sign for US 65 at this intersection.)

7. As Plaintiff approached the intersection, he was suddenly blinded by intense light emanating from the oncoming vehicle operated by the unidentified motorist. Blinded by the lights, Plaintiff drifted his truck away from the light source across the right turn lane. When Plaintiff attempter to pull his truck back to the left the unit jackknifed, fell on its side and slid.

8.  As a result of this accident and the negligence of the operator of the unidentified uninsured motor vehicle, Plaintiff suffered severe injuries, including bilateral pneumothorax, a displaced fracture of the posterior right clavicle, multiple rib

fractures, displaced fractures of the spinous process, displaced fractures of the left transverse process, cuts, abrasions, road rash, a concussion, and multiple ruptured discs in the lumbar and cervical spine, plaintiff has spent many weeks in hospitalization and acute care immediately following the accident, and underwent additional hospital admissions for multiple surgeries, therapies and corrective procedures; Plaintiff's head, face, neck, nose, nasal cavities, spine, arms, legs, back, and all the bones, muscles, tendons, tissues, joints, ligaments, vessels, nerves, lungs organs and other soft tissues were severely wrenched, twisted, torn, impacted, crushed, aggravated and otherwise damaged, and each Plaintiff's nerves and entire nervous system were disturbed and injured and each Plaintiff has, and will in the future reasonably continue to, suffer pain of body and anguish of mind; that all of the functions of each Plaintiff's body, face, head, skull, neck, back and extremities have been permanently impaired, weakened and render painful, and that all the aforesaid parts of each Plaintiff's body have been seriously and permanently impaired and injured and rendered painful to each Plaintiff's damage; that each Plaintiff has incurred and will reasonably in the future continue to incur expense for medical care and treatment, and that each Plaintiff has been, and will in the future will be, prevented from working and earning income to support himself, that each plaintiff has been permanently disabled.

9. The driver of the unidentified motor vehicle was negligent and in violation of the provisions of Section 307.010 RSMo. in causing his/her motor vehicle to suddenly emanate bright light and failing to dim his/her headlights. The driver of the unidentified motor vehicle left the scene of the accident. The negligence of the unidentified motor vehicle directly caused and/or directly contributed to cause the aforementioned jackknife roll-over accident and resulting injuries to Plaintiff. The operator of the unidentified motor vehicle failed to file a report of the incident with the Missouri Department of Revenue as required by section 303.040 RSMo, and accordingly is presumed to be an operator of an uninsured motor vehicle pursuant to Missouri law.

WHEREFORE, Plaintiff Norman Smith, individually, respectfully requests this court to enter judgment against Defendant Acuity for actual damages in an amount that is fair and reasonable for his costs and expenses incurred herein, and for such other relief as the court deems just and necessary.

By:\_\_\_/s/ Bob Kister\_\_\_\_\_
    Robert G. Kister
 #28593
 Bob Kister, Trial Lawyer LLC
 PO Box 156
 Herculaneum, MO  63048
 (636) 931-4459
  (636) 937-3682